IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ANGELIA JENKINS, Individually, ANGELIA JENKINS d/b/a OMEGA DAY CARE, TRACY D. CARROLL, E.M., a Minor, by her Next Friends and Natural Guardians WENDY HARSEY and R. GADSTON MOORE, WENDY HARSEY, Individually, R. GADSTON MOORE, Individually, and ABC Insurance Company,<br><br>    Defendants. | Civil Action<br>File No.:    7:13-CV-164(HL) |

**STIPULATED PROTECTIVE ORDER**

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

To expedite the prompt production of documents in this action, the parties hereby stipulate and agree, and the Court hereby orders, as follows:

1.    **Inadvertent Disclosure: Notice by Producing Party.** Any party that inadvertently discloses or produces in this action a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production if, within seven days of discovering that such document or information has been disclosed or produced, the producing party gives written notice to each receiving party identifying the document or information in question, the asserted privilege or protection, and the grounds there for, with a request that all copies of the document or information be returned or destroyed. Upon receipt of any such notice, each receiving party shall refrain from any effort to use or rely upon the document or information in question, for any purpose, until the privilege claim has been resolved in accordance with paragraph 2 below.

2.      Within seven days of receiving any notification under paragraph 1 above, each receiving party either (a) shall return or destroy all copies of the inadvertently produced document or information, as requested, and shall provide written confirmation to the producing party of such action, or (b) shall notify the producing party in writing that it disputes the claimed privilege or protection and the reasons why it disputes the claim. If the privilege claim is disputed, the producing party may serve a motion seeking to establish the validity of its privilege claim within seven days of its receipt of written notice from a receiving party that the privilege claim is disputed. If any such motion is served by the producing party, the producing party shall bear the burden of establishing the validity of any privilege or protection claimed, and the receiving parties shall not use or attempt to rely upon the document or information in question for any purpose, within or outside this action, unless and until the motion has been addressed and denied by the Court. In connection with any such motion, neither the inadvertent disclosure of the document or information in question nor its allegedly privileged content shall be cited or relied upon as a basis for disputing the privilege claim.

3.      **Inadvertent Disclosure: Notice by Receiving Party.** Any party that receives any document or information during the course of discovery in this action that it knows or reasonably should know is likely to be subject to a claim of privilege or other protection from discovery shall so inform the producing party and all other parties in writing and shall identify the document or information in question within seven days of becoming aware of the potentially privileged document or information. All parties shall refrain from any effort to use or rely upon the document or information in question, for any purpose, until the privilege claim has been resolved in accordance with paragraph 4 below.

4.      Within seven days of receiving any notification under paragraph 3 above, the producing party either (a) shall confirm in writing that it means to assert a privilege claim and request that all receiving parties return or destroy all copies of the information or document in question, or (b) shall confirm in writing that no privilege or protection from discovery is claimed. If a producing party asserts a privilege claim in response to a notice under paragraph 3 above, then, within seven days of the producing party's written confirmation of the privilege claim, each receiving party either (i) shall return or destroy all copies of the document or information in question, as requested, and shall provide written confirmation to the producing party of such action, or (ii) shall notify the producing party in writing that it disputes the claimed privilege or protection and the reasons why it disputes the claim. If the privilege claim is disputed, the producing party may serve a motion seeking to establish the validity of its privilege claim within seven days of its receipt of written notice from a receiving party that the privilege claim is disputed. If any such motion is served by the producing party, the producing party shall bear the burden of establishing the validity of any privilege or protection claimed, and the receiving parties shall not use or attempt to rely upon the document or information in question for any purpose, within or outside this action, unless and until the motion has been addressed and denied by the Court. In connection with any such motion, the inadvertent disclosure of the document or information in question shall not be cited or relied upon as a basis for disputing the privilege claim.

5. **Effect of Order.** This Stipulated Protective Order ("Order") is intended to protect all parties to this action, to the fullest extent permissible by law, against any unintended waiver of the attorney-client privilege and/or the attorney work product doctrine that might otherwise arise from the inadvertent disclosure of privileged or protected documents or information. This Order is intended to override any contrary law or presumptions, if and as applicable and permissible. The parties' execution of this Order, and compliance with its terms, shall be understood, for all purposes within and outside this action, to constitute reasonable and prompt efforts to preserve privileges and protections from discovery in respect to any inadvertently disclosed document or information.

6. **ADDED BY THE COURT**: The Court finds that good cause exists for the entry of this order with the following condition.  Notwithstanding anything to the contrary in the  foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.  If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial.  The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion.  The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

**SO AGREED:**

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for Plaintiff

/S/ROBERT A. LUSKIN_____
Robert A. Luskin
GA State Bar No.  004383
rluskin@gmlj.com
Kevin C. Patrick
GA State Bar No.  225211
kpatrick@gmlj.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
Phone:  (404) 264-1500
Fax:    (404) 264-1737

S<small>IMS</small>, F<small>LEMING</small>, H<small>UDSON</small> & C<small>ROSBY</small>
Attorneys for Defendants E.M., Wendy Harsey
and R. Gadston Moore

/S/J. S<small>HANE</small> H<small>UDSON</small>_____
J. Shane Hudson
(Signed by Robert A. Luskin with express permission)
GA State Bar No.  153047
jshudson@sfbpc.com
823 Love Avenue
P.O. Box 1165
Tifton, GA 31793
Phone:  (229) 386-0964
Fax:  (229) 386-1452


  The Court, having reviewed the information contained in the Stipulated Protective Order,

hereby ADOPTS it and MAKES IT THE ORDER OF THE COURT.


  **SO ORDERED**, this 25th day of  March, 2014.


             *s/ Hugh Lawson*_____
             THE HONORABLE HUGH LAWSON
             United States Senior District Judge