# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES LIABILITY INSURANCE COMPANY,**<br><br>    Plaintiff,<br><br>v.<br><br>**ANGELIA JENKINS, Individually, ANGELIA JENKINS d/b/a OMEGA DAY CARE, TRACY D. CARROLL**, **E.M., a Minor, by her Next Friends and Natural Guardians WENDY HARSY and R. GADSTON MOORE, WENDY HARSEY, Individually, R. GADSTON MOORE, Individually, and ABC INSURANCE COMPANY,**<br><br>    Defendant. | Civil Action No. 7:13-CV-164 (HL) |

## ORDER

Defendants Wendy Harsey and R. Gadston Moore initiated a lawsuit in the State Court of Tift County against Angelia Jenkins and Angelia Jenkins d/b/a Omega Day Care[1] on behalf of their minor daughter, E.M., who sustained severe injuries while under the supervision of the day care.[2] Shortly thereafter, Plaintiff

---

[1] In both this lawsuit and in the state court proceedings, the parties list Angelia Jenkins and Angelia Jenkins d/b/a Omega Day Care as independent defendants. In reality, the two are one and the same. Accordingly, throughout this order, these two named Defendants shall be referred to as "Jenkins."

[2] [E.M.], a Minor, by her Next Friends and Natural Guardians Wendy Harsey and R. Gadston Moore, Wendy Harsey, Individually, and R. Gadston Moore, Individually v. Angelia Jenkins, Individually, and Angelia Jenkins, d/b/a Omega

United States Liability Insurance Company, which insured Jenkins at the time of the incident involving E.M., filed a Complaint for Declaratory Judgment, alleging that under the terms of the Commercial General Liability policy the insurance company owed Jenkins no duty to defend or indemnify. The case is now before the Court on Plaintiff's Motion for Judgment on the Pleadings. (Doc. 37). For the reasons discussed below, Plaintiff's motion is granted in part and denied in part.

**I.   FACTS**

On March 6, 2013, E.M., a then three year old child, was enrolled at Omega Day Care. (Doc. 1-2 ¶ 6). The day care center is owned and operated by Angelia Jenkins. (Id. ¶ 3). On this particular day, Tracy D. Carroll, an employee of Jenkins, removed E.M. from the center without authorization and traveled with the child in her personal vehicle to a convenience store in Omega, Georgia. (Id. ¶¶ 6-8). While at the convenience store, E.M. was struck and injured by Carroll's vehicle. (Id. ¶ 6).

E.M.'s parents, Defendants Wendy Harsey and R. Gadston Moore, filed suit against Jenkins in the State Court of Tift County on October 17, 2013. (Doc. 1-2). In their Complaint, Defendants did not name Carroll as a defendant and, notably, did not state a claim against the day care center under a theory of *respondeat superior*, admitting that Carroll was not authorized to transport E.M.

---

Day Care, State Court of Tift County, Civil Action File No. 2013-CT-117 (Oct. 17, 2013). (Doc. 1-2).

away from the day care center and was acting outside the scope of her employment at the time of the accident. (Id. ¶¶ 8-10). Instead, the Complaint sets forth allegations of negligent supervision of day care enrollees, including E.M. (Id. ¶¶ 11, 14, 20-21), negligent entrustment (Id. ¶ 16), and negligent supervision and monitoring of employees. (Id. ¶¶ 17, 20-21). Defendants specifically claim that E.M.'s injuries directly resulted from Jenkins' violation of the duties owed to E.M. as an enrollee at the day care and failure to implement proper procedure and protocol to manage the center's employees and to ensure the safety of the children under the care of the center's employees. (Id. ¶¶ 11-12, 14-17, 20-21).

Plaintiff United States Liability Insurance Company ("USLI") insured Jenkins under a Commercial General Liability (CGL) insurance policy from April 21, 2012 until April 22, 2013. (Doc. 37-2). USLI claims that based on Defendants' factual admission that Carroll was acting outside the course and scope of her employment at the time E.M. sustained injures, there is no coverage afforded under the applicable insurance policy. USLI further argues that under the plain language of the insurance contract, there is no coverage for punitive or exemplary damages arising from the underlying accident.

## II.  MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD

A party may move for judgment on the pleadings after the pleadings are closed. Fed.R.Civ.P. 12(c). Documents attached to the pleadings become a part of the pleadings and may be considered on a motion for judgment on the

3

pleadings. See Fed.R.Civ.P. 10(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts. We accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party." Interline Brands, Inc., v. Chartis Specialty Ins. Co., 749 F.3d 962, 965 (11th Cir. 2014) (citing Cunningham v. Dist. Attorney's Office for Escamba Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010)) (internal quotations omitted).

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss. Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n. 8 (11th Cir. 2002) (explaining that the standard for either a Rule 12(b)(6) or Rule 12(c) motion is "whether the count state[s] a claim for relief"). The court shall accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271,1273 n. 1 (11th Cir. 1999). The court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682 (1946)). Accordingly, to avoid dismissal, "a complaint must contain sufficient

4

factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

Plaintiff poses the following questions for the Court's consideration:

(1) Whether there is coverage for this "occurrence" causing "bodily injury" under USLI's policy with [Jenkins];

    (a) Whether there is coverage because Ms. Carroll was allegedly acting outside the course and scope of her employment; and,

    (b) Even assuming so, then whether the 'use of auto' exclusion applies to bar coverage under this policy?

(2) Whether this policy covers punitive or exemplary damages stemming from this accident?

(Doc. 37-1, p. 2). Plaintiff frames its motion by asking whether the applicable insurance policy provides coverage for any liability assumed by Jenkins for the actions of its employee, who all parties agree was acting outside the course and scope of her employment at the time of the accident. Plaintiff's inquiry misstates the issue and ignores the both the legal and factual foundation for Defendants' claims against Jenkins.

Defendants' Complaint does not allege that Jenkins is responsible for the negligence of her employee in removing the child from the day care center and subsequently injuring the child with her personal vehicle. Rather, it is apparent from the face of the Complaint that Defendants focus their allegations specifically

5

on Jenkins' conduct. Defendants are pursuing the underlying case against Jenkins because the day care center allegedly failed to supervise the child properly and to enforce the center's rules and regulations that otherwise would have monitored the conduct of its employees and protected the child from reasonably foreseeable harm. Plaintiff has failed to point to any term under the insurance policy that prohibits coverage for the negligent acts of Jenkins as described in Defendants' Complaint. Accordingly, the Court denies Plaintiff's motion for judgment on the pleadings. The Court grants Plaintiff's motion as it relates to Defendants' claim for punitive damages.

### A. Coverage of an "insured" for an "occurrence" causing "bodily injury"

At the time of the incident involving E.M., Plaintiff insured Jenkins under a standard CGL policy, CG 00 01 10 01. The coverage form for the policy contains the following insuring language:

> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.
>
> . . .

6

> b. This insurance applies to "bodily injury" . . . only if:
>
> (1) The "bodily injury" . . . is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" . . . occurs during the policy period.

(Doc. 37-2, p. 18). The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Id., p. 31). The "coverage territory" includes the United States, Puerto Rico, and Canada. (Id., p. 30).

For the purposes of the foregoing motion, Plaintiff does not contest that E.M. suffered a "bodily injury" during the policy period as a result of an "occurrence" that took place within the "coverage territory." (Doc. 37-1, pp. 3, 4). Rather, the question before the Court is whether the insurance policy affords coverage for the actions of the insured identified by the plain language of the Complaint. The CGL form defines an "insured" as "[a]n individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner."[3] (Doc. 37-2, p. 26). An "employee" of the insured business also qualifies as an "insured," "but only for acts within the scope of their

---

[3] The Declarations page identifies the policy as an individual policy held by Angelia Jenkins d/b/a Omega Day Care Center. (Doc. 37-2, p. 1). Plaintiff does not contend that Jenkins is covered as an insured.

7

employment by you or while performing duties related to the conduct of your business." (Id.).

It is undisputed that at the time E.M. sustained the injuries alleged, Tracey Carroll, an employee of Jenkins who purportedly removed E.M. from the day care center without authorization and then struck the child with her personal vehicle, was not acting within the course and scope of her employment. (Doc. 1-2, ¶¶ 6-10; Doc. 38-11, ¶¶ 6-10). Plaintiff avers that because Carroll was not performing duties related to her employment with Jenkins, Jenkins, and thus USLI, should not be held accountable for E.M.'s injuries. (Doc. 37-1, p. 5). According to Plaintiff, both Georgia law and the express terms of the insurance policy curtail liability under these circumstances. See Dowdell v. Krystal Co., 291 Ga. App. 469, 470 (2008) (two elements must be present in order to hold an employer liable for the acts of an employee: "first, the servant must be in furtherance of the master's business; and second, he must be acting within the scope of his master's business"; thus where an employee commits a tortious act resulting from a purely personal enterprise and not connected to any business authorized by the employer, the employer is not liable); see also Doe v. Fulton-DeKalb Hosp. Auth., 628 F.3d 1325, 1333 (11th Cir. 2010).

Plaintiff's argument is not unfounded in the law. However, Defendants have carefully crafted their Complaint to omit a claim for the negligence of Carroll under a theory of *respondeat superior*. Defendants instead proceed under two

independent theories of recovery, addressing the specific acts of Jenkins, who without question qualifies as an insured under the policy. First, Defendants allege facts to support a claim for Jenkins' negligent supervision of a child of a tender age. See Wallace v. Boys Club of Albany, Ga., Inc., 211 Ga. App. 534 (1994) ("As a general rule, a person who undertakes the control and supervision of a child . . . has the duty to use reasonable care to protect the child from injury. Such person is not the insurer of the safety of the child. He is required only to use reasonable care commensurate with the reasonably foreseeable risk of harm.") (internal quotations omitted). Defendants claim that Jenkins violated the Rules and Regulations for Child Care Learning Centers and failed to exercise ordinary care in the supervision of her daycare enrollees, including E.M., which ultimately led to E.M.'s injuries. (Doc. 1-2 ¶¶ 11-12, 14).

Plaintiff argues that Defendants' assertion that but for Jenkins' breach of her duty to supervise E.M. this accident would not have occurred amounts to speculation and thus fails as a matter of law. According to Plaintiff, Carroll caused the accident that injured E.M., not the supervision, or lack thereof, of E.M. by Jenkins. While Plaintiff's theory of the case may ultimately prove true, for the purpose of the present motion the Court is called upon not to determine liability but to examine the facts as alleged in the underlying Complaint and to conclude whether Defendants pled sufficient facts to support the contention that Jenkins, who undertook a duty to care for E.M., is insured under the terms of the

policy for the injury suffered by E.M. The Court finds that Defendants have met that burden.[4]

Defendants next allege that Jenkins failed to supervise and monitor her employees and neglected to implement proper procedures to evaluate the skill and expertise of her employees. (Id., ¶¶ 15-17). Defendants maintain that Jenkins was aware of the culture at the day care center resulting from an overwhelming lack of supervision and failure to abide by protocol and permitted the continuation of a dangerous environment. (Id., ¶¶ 19-21). E.M. was injured as a result of these breaches of duty. (Id., ¶¶ 23-24).

Georgia law provides, "An employer may be held liable for negligent supervision where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff." Leo v. Waffle House, Inc., 298 Ga. App. 838, 841 (2009) (internal quotation and punctuation omitted). Further, an employer may be liable for failure to supervise an employee even when the employee veers outside the scope of her employment and commits a tortious act. Allen v. Zion Baptist Church, 328 Ga.

---

[4] As an aside, the Court observes that Jenkins appears to have contracted for the inclusion of professional liability coverage. (Doc. 37-2, p. 5). This extension of the insurance policy applies to professional liabilities "arising out of any negligent act, error or omission in rendering or failure to render the professional services" of a child care center. (Id., p. 35). The parties have made no reference to this provision, and the potential existence of this coverage has no bearing on the Court's analysis of the present motion.

App. 208, 213 (2014) (citing TGM Ashley Lakes v. Jennings, 264 Ga. App. 456, 461 (2003). However, the employer may only be held liable for the tort "'where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff,' such that it is reasonably foreseeable 'that the employee could cause the type of harm sustained by the plaintiff.'" Id. at 213-14 (quoting Munroe v. Universal Health Servs., 277 Ga. 861, 863 (2004)).

In response to Defendants' contention that the insurance policy provides coverage for alleged acts of negligent supervision by Jenkins, Plaintiff responds that there is a lack of proximate cause. Plaintiff states that the alleged negligence of Jenkins is only actionable if her negligence was the proximate cause of E.M.'s injuries. See Anderson v. Barrow Cnty., 256 Ga. App. 160, 163 (2002) ("To establish proximate cause, a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury. Conversely, no matter how negligent a party may be, if his act stands in no causal relation to the injury it is not actionable."). Plaintiff contends that Carroll caused E.M.'s injuries by striking the child with her vehicle, and there is no evidence linking any violations allegedly committed by Jenkins and the harm suffered by E.M.

Plaintiff's concern about proximate cause requires the resolution of a factual matter that falls outside the scope of the Court's analysis of the pending

motion to dismiss. As previously stated, the Court's role at this stage is solely to evaluate if, accepting the facts as pled by Defendants as true, Defendants have stated a plausible cause of action that falls within the insurance policy's terms of coverage. Here, Plaintiff has not argued that Jenkins is not an insured and concedes, at least for the purposes of this motion, that Defendants have alleged a qualifying occurrence that resulted in bodily injury to E.M. within the coverage territory during the policy period. The Court accordingly concludes that Defendants have presented sufficient factual matter to support the claims raised in the Complaint and that fall within the coverage of the insurance policy.

### B.   "Use-of-auto" exclusion

The "use-of-auto" exclusion relied upon by Plaintiff has no bearing on Defendants' claims. That provision excludes from coverage,

> "Bodily injury" . . . arising out of the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . owned or operated by or rented or loaned to any insured. . . .
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of other by that insured, if the "occurrence which cause the "bodily injury" . . . involved the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . that is owned or operated by or rented or loaned to any insured.

(Doc. 37-2, p. 21). As Plaintiff vigorously argued in its opening brief, Tracy Carroll, who was operating the vehicle that struck E.M., is not an insured under the terms of the insurance policy. The parties all concede that Carroll was acting

outside the scope and course of her employment for Jenkins at the time of the accident, which excludes her conduct from coverage and eliminates the necessity to address this particular exclusion.

### C. Punitive damages

Plaintiff moves to dismiss Defendants' claim for punitive damages. Plaintiff asserts the plain language of the insurance policy excludes punitive and exemplary damages from coverage: "Regardless of any other provision of this policy, this policy does not apply to punitive or exemplary damages." (Doc. 37-2, p. 12). "Where the language of a contract is plain and unambiguous, . . . no construction is required or permissible and the terms of the contract must be given an interpretation of ordinary significance." Richard Bowers & Co. v. Creel, 280 Ga. App. 199, 200-201 (2006); see also Taylor Morrison Services, Inc., 293 Ga. at 459 ("when the provisions of an insurance policy are clear and unambiguous, we attribute to those provisions their clear meaning"). The contract language here is unambiguous and not subject to multiple interpretations. Defendants offer no argument to the contrary. The Court thus finds that the insurance policy does not afford coverage for punitive damages.

## IV. CONCLUSION

For the foregoing reasons, United States Liability Insurance Company's Motion for Judgment on the Pleadings (Doc. 37) is granted in part and denied in part.

**SO ORDERED**, this 16th day of June, 2015.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks